15-1763
*Watson v. Sims*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand sixteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges*.

─────────────────

ROBERT C. WATSON, SR.,

       *Plaintiff-Counter-Defendant-*
       *Cross-Defendant-Appellant*,

     -v.-                         15-1763

BETH SIMS, ESQ.,

       *Defendant-Counter-Claimant-*
       *Cross-Claimant-Appellee*,

JEFFREY BAKER, BOARD OF EDUCATION OF
THE CITY OF POUGHKEEPSIE SCHOOL DISTRICT,

*Defendants-Appellees,*

WILLIAM V. GRADY, DUTCHESS COUNTY
DISTRICT ATTORNEY, EDWARD WHITESELL,
DEPUTY DISTRICT ATTORNEY, DUTCHESS
COUNTY DISTRICT ATTORNEY, THOMAS
DINAPOLI, COMPTROLLER, STATE OF NEW YORK,

*Defendants.*

FOR APPELLANT: MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY, for Plaintiff-Counter-Defendant-Appellant Robert C. Watson, Sr.

FOR APPELLEES: NICOLE MARLOW-JONES (Paul Gerrard Ferrara, *on the brief*), Costello, Cooney & Fearon, PLLC, Syracuse, NY, for Defendant-Counter-Claimant-Appellee Beth Sims.

 STEPHEN J. GABA, Drake Loeb, PLLC, New Windsor, NY, for Defendant-Appellee Jeffrey Baker.

 MEGAN M. COLLELO (Claudia Ann Ryan, *on the brief*), Towne, Ryan & Partners, P.C., Albany, NY, for Defendant-Appellee Board of Education of the City of Poughkeepsie School District.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Robert C. Watson, Sr., a former Superintendent of Schools of the City of Poughkeepsie School District (the "District"), appeals from the judgment of the District Court dismissing, on summary judgment, his claim for municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) against Defendant-Appellee Board of Education of the City of Poughkeepsie School District (the "School Board"), and his remaining § 1983 claims that Defendants-Appellees Beth Sims and Jeffrey Baker violated his civil rights by subjecting him to malicious prosecution. In its order granting the School Board summary judgment, the District Court concluded that Watson failed to (1) establish the existence of a municipal policy or custom and (2) demonstrate that any act was taken by an individual with final policymaking authority for the School Board that could subject the School Board to municipal liability under *Monell*. The District Court also granted summary judgment to Sims and Baker on Watson's malicious prosecution claims, finding that Watson, who was acquitted on all charges at

3

trial, had failed to rebut the presumption of probable cause created by his indictment by a grand jury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment dismissing a plaintiff's malicious prosecution claim *de novo*, *see Bermudez v. City of New York*, 790 F.3d 368, 373 (2d Cir. 2015), "construing all evidence in the light most favorable to the non-moving party, and affirming only where 'there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law,'" *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)) (citing *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 173 (2d Cir. 2006)).

In order to prevail on a malicious prosecution claim, a plaintiff must demonstrate that "'(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and . . . (4) the matter terminated in plaintiff's favor.'" *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). Although the District Court granted summary judgment on the basis that Watson had failed to rebut

4

the presumption of probable cause created by his indictment, we may "affirm summary judgment on any ground supported by the record, even if it is not one on which the district court relied." *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

Watson's malicious prosecution claims against Sims and Baker fail because he has not pointed to any evidence on the record that demonstrates, even when viewed in the light most favorable to him, that either Sims or Baker initiated or continued the prosecution against him. We have explained that "reporting a crime to law enforcement and giving testimony does not constitute the 'initiation' of a criminal prosecution. More is required. Specifically, the complainant must have played an 'active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Rothstein v. Carriere*, 373 F.3d 275, 293–94 (2d Cir. 2004) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)). Indeed, we have previously found "that merely reporting a crime to another individual, who in turn reports the crime to law enforcement, is insufficient to give rise to liability under New York law for

malicious prosecution." *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 439 (2d Cir. 2008) (summary order).[1]

Assuming, *arguendo*, that Sims or Baker provided false or misleading information to the prosecution during its investigation, we find no evidence, viewing the record in the light most favorable to Watson, from which a reasonable jury could conclude that either Sims or Baker took an active role in Watson's criminal prosecution. Watson claims that Sims, in response to document requests from the District Attorney's ("DA") office, "deluged" the DA with unsolicited information, *see* Pl.'s Reply Br. 23, but he points to only two documents that Sims provided that fell outside the scope of the request. No reasonable jury could conclude on the basis of that evidence that Sims's conduct went beyond the mere provision of information to the point where Sims encouraged or importuned the DA's office to prosecute Watson. There is similarly no evidence supporting the inference that Baker encouraged or importuned the DA's office to act when he met with its employees in December 2005.

---

[1] "[D]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." *Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) (internal quotation marks omitted).

Watson also bases his claim on Sims's and Baker's correspondence with the auditing firms that sought information related to their own non-criminal investigations of (1) the financial practices of the City of Poughkeepsie School District's (the "District") Business Office, (2) all payments made to Watson during his tenure as Superintendent (which were audited pursuant to the terms of his separation agreement), and (3) the effectiveness of internal controls over financial activities, certain payroll-related agreements, and professional services relating to the District's multi-million-dollar capital project. Even if Sims or Baker submitted incomplete, misleading, or false information to any of the auditors as part of those investigations, that conduct is too far attenuated from the criminal prosecution of Watson to constitute initiating the criminal process. That is so, even though prosecutors sought and obtained copies of the reports generated by each auditing firm from the District. Because Sims's and Baker's activity was directed at the auditing firms, which were not part of the criminal justice system, it does not qualify as initiating Watson's criminal prosecution.

Further, Watson's malicious prosecution claims fail to the extent that they rely on Sims's or Baker's grand jury testimony.

> "[A] grand jury witness has absolute immunity from any § 1983 claim *based on the witness' testimony*. In addition, . . . this rule may

7

not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution."

*Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012) (emphasis added). Sims and Baker thus enjoy absolute immunity from any § 1983 claim based solely on their grand jury testimony and preparation for such testimony. *See Coggins v. Buonora*, 776 F.3d 108, 113–14 (2d Cir. 2015).

Last, Watson's *Monell* claim of municipal liability against the School Board is predicated almost entirely on the acts of Sims and Baker: he alleges that the School Board, as a matter of policy, authorized Sims and Baker to furnish lies or misstatements to the auditing firms and prosecutors or, knowing that they were furnishing such falsities, remained silent and failed to take any corrective action. Having concluded, however, that neither Sims nor Baker is potentially liable for malicious prosecution because neither can be said to have initiated Watson's criminal prosecution, Watson's claim of municipal liability against the School Board, which is predicated on the alleged unconstitutional conduct of Sims and

Baker, necessarily fails.[2]  *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir.

2006); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

We have considered Watson's remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] To the extent that Watson's *Monell* claim is based on the testimony of certain School Board members before the grand jury or their related preparatory activities, it too must fail because the School Board members are entitled to absolute immunity for this conduct.  *See Rehberg*, 132 S. Ct. at 1506.